IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID EUGENE CLARK,    )<br>Reg. No. 31839-001,    )<br>                        )<br>    Petitioner,         )<br>                        )    CIVIL ACTION NO.<br>    v.                  )    2:19-CV-537-WKW<br>                        )         [WO]<br>WALTER WOODS,           )<br>                        )<br>    Respondent.         ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

David Eugene Clark ("Clark"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 25, 2019.[1] Doc. # 1. In his petition, Clark challenges his 2015 convictions in the United States District Court for the Northern District of Alabama for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime.[2] Clark argues that his convictions are void because the United States did not have Article III standing because it did not allege or prove any "injury in fact." *See*

---

[1] Clark's petition was date-stamped received by this court on July 29, 2019. Clark represents that he submitted the petition on July 25, 2019. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on July 25, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Clark was sentenced to 108 months in prison, consisting of 84 months for the controlled substance conviction and 24 months for the firearm conviction. The district court entered its judgment on November 17, 2015. *See United States v. Clark*, Case No. 4:14-CR-199-VEH-SGC (N.D. Ala.).

Doc. # 1 at 3–4. For the reasons that follow, the undersigned concludes that this action should be dismissed for lack of jurisdiction.

## II.   DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

> sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Clark's self-described habeas petition challenges the validity of his convictions. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Clark's claims challenging his convictions fall squarely within the realm of injuries § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Clark has placed on his pleadings, his petition challenging his convictions must be construed as a motion to vacate under § 2255.

3

Section 2255 remains Clark's exclusive remedy to bring his challenge to his convictions. Because he challenges a judgment entered in the Northern District of Alabama, any jurisdiction to consider the § 2255 motion lies only with the District Court for the Northern District of Alabama, as the court of conviction. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging convictions entered by the United States District Court for Northern District of Alabama.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. A significant factor in the interest-of-justice analysis is whether a denial of a transfer would effectively bar the litigant from relief in the proper court. *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999). This court takes notice that in June 2018, Clark filed a 28 U.S.C. § 2255 motion in the United States District Court for Northern District of Alabama in which he presented claims similar to those raised in this action. *See Clark v. United States*, Case No. 4:18-CV-8021-VEH (N.D. Ala.). That court found Clark's § 2255 motion to be time-barred under 28 U.S.C. § 2255(f) and dismissed the motion. Any subsequent § 2255 motion presented to the Northern District of Alabama asserting the same claims would unquestionably be time-barred as well. Further, such a motion would amount to a successive § 2255 motion, for which Clark must obtain Eleventh Circuit permission to file. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h). Clark presents no evidence that he has obtained permission from the Eleventh Circuit to file a successive § 2255 motion. Under the circumstances, this court

4

finds that the interest of justice does not warrant a § 1631 transfer to the Northern District of Alabama and that dismissal of this action is proper.

### III.   CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that Clark's petition, construed as a § 2255 motion, be DISMISSED, because this court is without jurisdiction to consider his challenge to his convictions entered by the United States District Court for the Northern District of Alabama and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 19, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 5th day of August, 2019.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE